UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

**CIVIL ACTION NO. 05-114-JBC**

**TARA STEINBACH,**                                                                                           **PLAINTIFF,**

**V.**                     **MEMORANDUM OPINION AND ORDER**

**CREDIGY RECEIVABLES, INC., ET AL.,**                            **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on the defendants' motion for partial summary judgment. The court, having reviewed the record and being sufficiently advised, will deny the motion.

**I.**     **Factual and Procedural Background:**

The plaintiff, Tara Steinbach, originally filed this motion in state court alleging violations of the Fair Debt Collection Practices Act (the "FDCPA") and the Kentucky Consumer Protection Act ("KPCA"). She also sought a declaration that the debt that the defendants claim is due and owing is void and unenforceable. After the defendants removed the matter to this court, she amended her complaint to include claims for abuse of process and unauthorized practice of law. The court has already granted judgment in the plaintiff's favor on her FDCPA and KPCA claims. (*See* DE 48). The defendants have moved for summary judgment on the plaintiff's remaining claims, arguing that they have been mooted by an offer of judgment, that she is not entitled to a declaratory judgment, and that she has not stated a claim for abuse of process or the unauthorized practice of law.

**II.     Standard of Review**

After time for adequate discovery, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding the motion, the court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Id.*

A court may deny a motion for summary judgment as premature where the nonmoving party has not had an opportunity to conduct discovery. *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004)*; Ball v. Union Carbide Corp.*, 385 F.3d 713, 719-20 (6th Cir. 2004). *See also* Fed. R. Civ. P. 56(f). The denial of a motion for summary judgment on this ground requires that a party file an affidavit setting forth the need for discovery and what the party hopes to uncover during the discovery process. *Ball*, 385 F.3d at 720; Fed. R. Civ. P. 56(f).

**III.    Declaratory Judgment**

In her complaint, Ms. Steinbach alleges that she has disputed and continues to dispute the debt that the defendants claim is due and owing. She also claims to be entitled to a declaration voiding the debt. The defendants argue that this court's order dated August 5, 2005, holds that the plaintiff is not entitled to a declaratory judgment. The August 5, 2005, order was issued in relation to a motion for a ruling

regarding a conditional acceptance of an offer of judgment. At issue was whether the defendants' offer of judgment was really an offer to settle all claims, including the validity – or the lack thereof – of the underlying debt. The court noted that the plaintiff was not entitled to a declaratory judgment under the FDCPA, which appeared to be the only issue that the defendants were willing to concede at that time. Therefore, although the plaintiff is not entitled to a declaration under the FDCPA, the court retains the power to declare the rights of a party under 28 U.S.C. § 2201. Ms. Steinbach has asked for a declaration of her rights. (*See* Compl. ¶¶ 51-53). Accordingly, the defendants are not entitled to summary judgment on this issue.

**IV.   Abuse of Process**

Abuse of process is the "irregular or wrongful employment of a judicial process or proceeding." *Bonnie Braes Farms, Inc. v. Robinson*, 598 S.W. 2d 765, 766 (Ky. App. 1980). The elements of the tort include (1) an ulterior purpose and (2) the intentional misuse of process. *Id.* The defendants claim that the plaintiff has not alleged, and cannot prove, these elements.

The plaintiff has properly pled abuse of process. (Compl. ¶¶ 75-79). Her responsive motion, properly supported by affidavit, states that she is unable to show facts to support this claim because she has not been able to complete discovery. However, the plaintiff believes that she can support her allegations if allowed to take discovery. Accordingly, the defendants' motion for summary

judgment on this issue is premature.

**V.     Unauthorized Practice of Law**

K.R.S. § 446.070 allows a person injured by the violation of any statute to recover damages that she sustained as a result of the violation. This statute was designed to ensure that those persons for whose benefit a statute was passed could recover for a violation of that statute. *State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988). K.R.S. § 524.130 makes the unauthorized practice of law a crime. The purpose of the statute is to protect the public from "the incompetent, the untrained, and the unscrupulous in the practice of law." *Frazee v. Citizens Fidelity Bank & Trust Co.*, 393 S.W.2d 778, 782 (Ky. Ct. App. 1965).

The defendants argue that because the practice of law is regulated by the court, the plaintiff has not stated a claim for relief for the unauthorized practice of law. The defendants cite *Countrywide Home Loans Inc. v. Kentucky Bar Ass'n*, 113 S.W.3d 105 (Ky. 2003). In *Countrywide*, the Kentucky Supreme Court considered whether a Kentucky Bar Association advisory opinion accurately defined the unauthorized practice of law. That court did not discuss any limitations on a plaintiff's right to collect damages for injuries sustained as a result of a party's unauthorized practice of law, which is what the plaintiff seeks to do in this case. Therefore, the defendants are not entitled to summary judgment on this issue.

**VI.     Mootness**

The court has jurisdiction over cases and controversies. *Flast v. Cohen*, 392 U.S. 83, 94 (1968). Therefore, "[o]nce the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate, and a plaintiff who refuses to acknowledge this loses outright . . . because he has no remaining stake." *Rand v. Monsanto Co.*, 926 F.2d 596, 598 (7th Cir. 1991). The defendants argue that their offer of judgment – $2,000 plus reasonable attorneys' fees – exceeded the plaintiff's maximum potential recovery under the law. Therefore, according to the defendants, there is no longer a live controversy, and they are entitled to judgment as a matter of law.

In her initial complaint, the plaintiff sought actual and punitive damages under the FDCPA and the KPCA, attorneys' fees, and a declaration that the underlying debt was unenforceable. The offer of judgment, however, did not include the requested declaration, nor did it dispose of the issue of punitive damages under the KPCA. Therefore, the defendants did not satisfy the plaintiff's entire demand. Additionally, since the offer of judgment, the plaintiff has made additional demands against the defendants, and there are live issues of law and fact. Accordingly,

**IT IS ORDERED** that the defendants' motion for partial summary judgment (DE 44) is **DENIED**.

Signed on March 24, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY