UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

**APR 1 4 2006**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-114-JBC

TARA STEINBACH,                                                      PLAINTIFF

V.                    **MEMORANDUM OPINION AND ORDER**

CREDIGY RECEIVABLES, INC., ET AL.,                          DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On March 2, 2005, plaintiff Tara Steinbach filed a complaint in Fayette Circuit Court against defendants Credigy Receivables, Inc. ("Credigy"); Stewart & Associates, P.C., Attorneys at Law ("Stewart"); John A. Frasier ("Frasier"); and Jason K. Green ("Green"), alleging that these defendants violated certain provisions of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.* ("FCRA") and the Kentucky Consumer Protection Act ("KCPA"), in respect to their attempts to collect a credit card debt in an amount initially alleged to be $11,275.57, that originated with Fleet Bank. Plaintiff disputes the amount of this credit card indebtedness to Fleet Bank.

Plaintiff seeks compensatory damages, punitive damages, applicable statutory damages and penalties, reasonable attorney's fees, and costs.

Defendants removed plaintiff's action from state court on March 30, 2005.

## II. THE DISCOVERY DISPUTE

This matter is before the court plaintiff's motion to compel discovery from defendants Credigy and Stewart.[1]  More particularly, plaintiff contends that the responses by these two

---

[1]     Pursuant to numerical ¶ 5 of the district court's Scheduling Order entered herein on May 31, 2005, all discovery disputes were referred to the Magistrate Judge for resolution. [DE #7].

defendants to some of her discovery requests served to Crediqy on October 15, 2005, and to Stewart on October 19, 2005, are inadequate and that these defendants should be compelled to supplement their respective responses to the discovery requests in dispute.

In response, defendants argue that the number of interrogatories plaintiff served to them exceeds 25, the number permitted by Fed.R.Civ.P. 33; therefore, they should not be compelled to answer any interrogatories in excess of 25. In respect to plaintiff's Requests for Production of Documents that are in dispute, defendants contend either that they have already produced the information requested or that the document request is overly broad or unduly burdensome or that plaintiff is on a "fishing" expedition, seeking documents that are irrelevant to this action or that plaintiff is seeking privileged information. Therefore, for all of these reasons, defendants submit that plaintiff's motion to compel discovery from them should be denied.

This motion has been fully briefed and is ripe for review.

In considering this matter, the Magistrate Judge is mindful of the scope of discovery permitted by Fed.R.Civ.P. 26, subsequent to the 2000 amendment thereto, which permits "discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, . . ." Thus, to resolve this discovery dispute, it is necessary to review the discovery requests at issue, each defendant's respective response thereto, and any subsequent supplementation of defendants' discovery responses. The discovery requests that are the subject of this motion to compel and defendants' responses thereto are set out below:[2]

## A.    Number of Interrogatories

---

[2] In the interests of judicial economy and ease of reference, the Magistrate Judge shall address these disputed discovery requests by utilizing the same format for grouping the various requests that plaintiff used in her motion to compel discovery.

2

In Credigy's responses to Interrogatory Nos. 19-25 and in Stewart's responses to Interrogatory Nos. 19-25, both defendants raise an objection thereto, asserting that they are not required to answer these particular interrogatories because they exceed the number of interrogatories permitted by Fed.R.Civ.P. 33(a). Defendants' objection to the number of interrogatories as being excessive appears to be based on the fact that certain of plaintiff's interrogatories contain subparts. *See* Credigy Interrogatory Nos. 2, 14, 17, and 21, and Stewart Interrogatory Nos. 2, 15, and 20. Apparently, when counting the number of plaintiff's interrogatories, defendants considered plaintiff's interrogatories with subparts to be three *separate* interrogatories, instead of one interrogatory.

It is well settled that if the subparts to an interrogatory are necessarily related to the "primary question," the subparts should be counted as one interrogatory rather than as multiple interrogatories. *Safeco of America v. Rawstron,* 181 F.R.D. 441, 444 (C.D. Cal. 1998). Additionally, *Federal Practice and Procedure* advises that "an interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question." Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure § 2168.1* at 261 (2d ed. 1994).

Upon review of plaintiff's interrogatories with subparts, the Magistrate Judge concludes that defendants erroneously considered plaintiff's interrogatories with subparts to be *separate* interrogatories, when these interrogatories with subparts should have been counted as one interrogatory because the subparts related to the "primary question." Consequently, defendants' objections raised to certain interrogatories as being excessive are overruled. Defendants are directed to answer those interrogatories they declined to answer on the grounds that plaintiff had submitted an excessive number of interrogatories.

3

**B.**     **Credigy and Stewart's Responses to Identical Requests**

**1.**     **INTERROGATORY NO. 5:** Identify by name, alias, job title, date of employment, last known address and telephone numbers of all *your* employees - whether currently employed or not - for the time period January 2002, through present. (emphasis in original).

Credigy's **ANSWER:**   Objection.  This interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

Stewart's **ANSWER:**   Objection.  This interrogatory is vague, ambiguous, overly broad, and unduly burdensome.  Moreover, this interrogatory is not reasonably calculated to lead to the discovery of admissible evidence.

In support of plaintiff's motion to compel, plaintiff asserts that her request for the names of defendants' employees for the time period covering her dispute with Credigy and Stewart seeks relevant information in that defendants' employees were involved in activities surrounding her claims against Credigy and Stewart, such as acquiring the alleged debt at issue, attempting to find plaintiff, and determining when to begin the collection process.

In response to plaintiff's motion to compel, defendants state that they have already provided the requested information for those persons who worked plaintiff's account or had any contact with plaintiff and that plaintiff has no need for this information for those employees, such as clerical staff, the receptionist, and human resources personnel, who had no involvement with or contact with plaintiff or her account.

The Magistrate Judge concurs with defendants that this interrogatory in its present form is overly broad and seeks irrelevant information.  Defendants' objections to this interrogatory are sustained.  Defendants' response by providing plaintiff with the requested information as to those employees who worked plaintiff's account is sufficient.

**2.**     **Request for Production A:** For the time period July 2002 through July 2005, provide all

4

notices of dispute and demands for validation that *you* have received regarding *your* collection of consumer debts in Kentucky. (emphasis in original).

Credigy's **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

Stewart's **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. It calls for privileged and confidential information. It is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

In support of plaintiff's motion to compel, plaintiff asserts that the requested information is relevant to her claim for punitive damages concerning defendants' violations of KRS 370.167 and should be readily available to defendants. Additionally, plaintiff notes that being mindful of defendants' claim that disclosure of the requested information would violate the FDCPA, she advised defendants that she would accept redacted documents or even statistics in response to this request.

In response to plaintiff's motion to compel defendants to supplement their response to this discovery request, defendants contend that plaintiff is "fishing" for information that is completely irrelevant to this case.

The Magistrate Judge concurs with defendants' argument that plaintiff is on a "fishing" expedition with this discovery request by requesting irrelevant information. Defendants' objection to this discovery request is sustained.

3.  **Interrogatory No. 7 and Request for Production B:** For the time period July 2002 through July 2005, identify *any complaints* that *you* have received relating to *your* collection of consumer debts in Kentucky, *including* the name of the complainant, the date of the *complaint*, whether said *complaint* was in writing, the nature of the *complaint* and the disposition of the *complaint*. Provide a copy of *any complaint* that *you* have received.

5

(emphasis in original).

Credigy's **ANSWER:** Objection. These discovery requests are vague, ambiguous, overly broad, and unduly burdensome. They are not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

Stewart's **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. They call for privileged and confidential information. They are not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

In support of plaintiff's motion to compel, plaintiff asserts that the requested information is relevant to her claim for punitive damages concerning defendants' violations of KRS 370.167 and should be readily available to defendants. Additionally, plaintiff notes that being mindful of defendants' claim that disclosure of the requested information would violate the FDCPA, plaintiff advised defendants that she would accept redacted documents or even statistics in response to this request.

In response to plaintiff's motion to compel defendants to supplement their response to this discovery request, defendants contend that plaintiff is "fishing" for information that is completely irrelevant to this case.

The Magistrate Judge concurs with defendants' argument that plaintiff is on a "fishing" expedition with this discovery request by requesting irrelevant information. Defendants' objection to this discovery request is sustained.

4. **Interrogatory No. 8 and Request for Production C:** For the time period July 2002 through the present, identify and describe *any complaints* that *you* have received regarding the other Defendants to this action. Provide *any documents* that state the *complaints* or that mention or refer to those *complaints* or were created, prepared, or otherwise generated as a result of those *complaints*. (emphasis in original).

6

Credigy's **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

Stewart's **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. They call for privileged and confidential information. They are not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

In support of plaintiff's motion to compel, plaintiff asserts that the requested information is relevant to her claim for punitive damages concerning defendants' violations of KRS 370.167 and should be readily available to defendants. Additionally, plaintiff notes that being mindful of defendants' claim that disclosure of the requested information would violate the FDCPA, plaintiff advised defendants that she would accept redacted documents or even statistics in response to this request.

In response to plaintiff's motion to compel, defendants contend that plaintiff is "fishing" for information that is completely irrelevant to this case.

The Magistrate Judge concurs with defendants' argument that plaintiff is on a "fishing" expedition with this discovery request by requesting irrelevant information. Defendants' objection to this discovery request is sustained.

5. **Interrogatory No. 9:** Identify by party, case number, and court *any* civil proceedings to which *you* have been or are a defendant or counter-defendant, from the present back to July 1, 2000, and describe the nature of the proceeding. (emphasis in original).

Credigy's **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence. Furthermore, this information is publicly available through PACER and similar courts' databases.

7

Stewart's **ANSWER:**      Objection.  This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome.  They call for privileged and confidential information.  They are not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

In support of plaintiff's motion to compel, plaintiff contends that this type request is a very common discovery request, that defendants made a similar request to her, and that she provided a complete response.  Plaintiff also advises that over defendants' objection to this request, Credigy subsequently provided her with the name of one Kentucky lawsuit against Credigy; however, plaintiff states that this request is not limited to lawsuits in Kentucky and that defendants' response of referring her to PACER is insufficient because not all states allow the public to search court databases.  Therefore, defendants should be compelled to fully respond to this request.

In response to plaintiff's motion to compel, defendants advise that they do not maintain a list of claims or counterclaims made against them; therefore, to create such a list, they would have to search PACER and other court databases, which plaintiff could do as well.

The Magistrate Judge is unpersuaded by defendants' argument that they should be relieved of having to respond to this discovery request simply because they do not maintain a list of claims or counterclaims asserted against them.  The fact that defendants apparently maintain no record of claims made against them should not operate to relieve defendants of providing plaintiff with relevant information to which she is entitled under the discovery rules.  Defendants' failure to maintain the requested information is of no consequence and should not shift the burden to plaintiff to discover this information.  *See Snowden ex rel. Victor v. Connaught*, 137 F.R.D. 325, 333 (D. Kan. 1991).  Defendants' objection to this interrogatory is overruled; defendants are directed to

8

supplement their answer to Interrogatory No. 9 and to provide plaintiff with a complete response

thereto.

6.    **Interrogatory No. 10 and Request for Production D:**  For the time period January 1, 2002 through March 10, 2005, list by name, alias, job title, last known address and telephone number, and dates of employment of each of *your* employees, agents, or servants who communicated (orally or in writing) with *persons* other than Plaintiff regarding matters involving Plaintiff, the *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint.  Provide the date, time, location and subject matter of each such communication or contact.  Provide *any documents* that mention or refer to the *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint.  (emphasis in original).

Credigy's **ANSWER:**    See account notes already produced to Plaintiff.

**Interrogatory No. 10 and Request for Production E:** List by name, alias, job title, last known address and telephone number, and dates of employment of each of *your* employees, agents, or servants who communicated (orally or in writing) with *persons* other than Plaintiff regarding matters involving Plaintiff, the *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint.  Provide the date, time, location and subject matter of each such communication or contact.  Provide *any documents* that mention or refer to the *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint.  (emphasis in original).

Stewart's **ANSWER:**    Objection.  This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome.  They call for privileged and confidential information.  They are not reasonably calculated to lead to the discovery of admissible evidence.  Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.  Without waiving any objection, Defendant provides as follows:

Defendant has discussed these matters with the insurance carrier and counsel.

In support of plaintiff's motion to compel, plaintiff contends that Credigy's response that it

has provided "account notes" is cryptic and incomplete in that no specific documents are identified

as being "account notes."    Moreover, plaintiff asserts that this interrogatory requests more

information than plaintiff has been able to extract from the documents produced by defendants.

Additionally, plaintiff notes that defendants have indicated that some of the employees who may

9

have communicated with plaintiff may no longer be employed by them, and if that is the case, plaintiff is free to contact these former employees, so long as they are not named defendants. For all of these reasons, plaintiff submits that defendants must provide a complete response to this interrogatory.

In response to plaintiff's motion to compel, defendants submit that they have already provided plaintiff with information that is completely responsive to this interrogatory. Specifically, defendants state that in answering Interrogatory No. 3, they provided the names of the individuals who communicated with plaintiff, accompanied by the detailed notes of the telephone communications with plaintiff, and that they have provided plaintiff with contact information for those former employees who may have communicated with plaintiff. Therefore, defendants argue that plaintiff's motion to compel is not well taken.

In the absence of having the "account notes" to review to assess defendants' response to this request, the Magistrate Judge concludes that defendants should provide plaintiff with the requested information, assuming the "account notes" do not provide all of the requested information. Therefore, defendants' objections to this request are overruled, and defendants are directed to supplement their response to this request.

7.   **Interrogatory No. 11 and Request for Production E:** List by name, alias, job title, last known address and telephone number, and dates of employment of each of *your* employees, agents, or servants who communicated (orally or in writing) with Plaintiff. Provide the date, time, location and subject matter of each such communication or contact. Provide *any documents* that mention or refer to communications with Plaintiff or were created, prepared, or otherwise generated as a result of those communications. (emphasis in original).

Credigy's **ANSWER:** Objection. These requests are vague, ambiguous, overly broad, and unduly burdensome. They are not reasonably calculated to lead to the

10

discovery of admissible evidence. Furthermore, state and federal laws, including the Fair Debt Collection Practices Act, prohibit the disclosure.

See account notes.

Also, Kristen Mudd, Esq., has attempted to correspond with Plaintiff. Ms. Mudd is an attorney representing Credigy Receivables, Inc.

Stewart's **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. They are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendant provides as follows:

See account notes and correspondence between the Plaintiff and Defendants, attached hereto and identified in Plaintiff's discovery disclosures.

In support of and in opposition to plaintiff's motion to compel in respect to this disputed

discovery request, the parties make the same arguments that were made in respect to Interrogatory

No. 10, which requested information concerning communications with persons *other than plaintiff.*

In the absence of having the "account notes" to review to assess defendants' response to this

request, the Magistrate Judge concludes that defendants should provide plaintiff with the requested

information for those employees who communicated with plaintiff, assuming the "account notes"

do not provide all of the requested information. Therefore, defendants' objections to this request are

overruled, and defendants are directed to supplement their response thereto.

8.     **Interrogatory No. 12 and Request for Production F:** List by name, alias, job title, last known address and telephone number, and dates of employment of each of *your* employees, agents, or servants who investigated and responded to Plaintiff's dispute and demand for validation of the *debt*. Provide *any documents* that mention or refer to such investigation or were created, prepared, or otherwise generated as a result of the investigation. (emphasis in original).

Credigy's **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. They are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendant provides as follows:

11

Letitia Poston. Paralegal, Stewart & Associates.
See documents attached hereto.

Stewart's **ANSWER:** Objection. This interrogatory (and request) is vague,
ambiguous, overly broad, and unduly burdensome. They are not reasonably
calculated to lead to the discovery of admissible evidence. Without waiving any
objection, Defendant provides as follows:

Letitia Poston. Paralegal, Stewart & Associates.
See documents attached hereto.

In support of her motion to compel, plaintiff submits that defendants' responses to this

request are incomplete in two different ways. First, defendants failed to provide any information

about Letitia Poston beyond her name and job title, when the interrogatory also requested last known

address, telephone number, and dates of employment. Second, plaintiff states that during discovery,

defendants provided her with a debt validation letter signed by William Bradham; however,

defendants' response to this request omits any information about William Bradham. For these

reasons, plaintiff argues that defendants should supplement their response to this request.

In response, defendants offer no legitimate reason for why they did not fully respond to this

discovery request. Consequently, defendants' objections to Interrogatory No. 12 are overruled, and

defendants are directed to supplement their response to this discovery request and to fully respond

thereto.

9.     **Interrogatory No. 13 and Request for Production G:** State and describe all
       information *you* have received from the other Defendants relating to Plaintiff, the
       *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint.
       Provide *any documents* that relate or refer to *your* response, *including*
       correspondence from or to each Defendant. (emphasis in original).

       Credigy's **ANSWER:** Objection. This interrogatory (and request) is vague,
       ambiguous, overly broad, and unduly burdensome. Moreover, these requests call for
       privileged and work product information. They are not reasonably calculated to lead

to the discovery of admissible evidence.  Without waiving any objection, Defendant provides as follows:

See account notes.

Stewart's **ANSWER**: Objection.   This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome.  They call for privileged and confidential information covered by the work-product doctrine.

In support of her motion to compel, plaintiff asserts that the requested information is relevant to her claims against defendants for deceptive business practices and punitive damages.  Concerning defendants' argument that the requested information is privileged, plaintiff counters that at a minimum, defendants should provide a general description of the requested information and documents they claim to be privileged and to show how the attorney/client privilege and/or work product doctrine is applicable.

In response, defendants state that although they asserted that the requested information was privileged, they have not withheld any responsive information or documentation and that the objection was made for purposes of preserving the record in case some other information or document came to light that was protected by the attorney/client privilege and/or work product doctrine.  Defendants state that they have nothing more to produce in response to this request; therefore, there is nothing to compel.

In reply, plaintiff advises that Stewart provided no response to this request, and that Credigy simply told plaintiff to "see account notes."  Plaintiff persists that she is entitled to know what specific information Credigy and Stewart provided to each of the other defendants, including to each other, and that this information, or lack thereof, is relevant to the willfulness of defendants' conduct

13

in violating the FDCPA , the KCPA, and to plaintiff's claims for abuse of process and punitive damages.

Defendants' objections to this interrogatory are overruled. Crediqy's response "see account notes" is insufficient. Crediqy is directed to supplement its response to this interrogatory by providing specific information responsive to this request. In the event that Crediqy declines to produce any documents it claims to be privileged, it should provide plaintiff with a privilege log describing the withheld document and the privilege asserted thereto. Defendant Stewart is directed to formally respond to this interrogatory, produce non-privileged documents and to provide plaintiff with a privilege log for any documents it declines to produce as being privileged.

10.  **Request for Production H:** Provide a copy of *any document* evidencing *your* internal communications with respect to Plaintiff, the *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint. (emphasis in original).

Crediqy's **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendant provides as follows:

See documents attached hereto.

**Request for Production I:** Provide a copy of *any document* evidencing *your* internal communications with respect to Plaintiff, the *debt*, this lawsuit, or the claims in this Amended and Supplement to Complaint. (emphasis in original).

Stewart's **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. It calls for privileged and confidential information, and material covered by the work-product doctrine.

In support of and in opposition to plaintiff's motion to compel in respect to this disputed discovery request, the parties make the same arguments that were made in respect to Interrogatory No. 13 and Request for Production H (Stewart's Request for Production I).

14

Defendants' objections to this document request are overruled.  In the absence of knowing what documents Credigy attached to its response, Credigy's response "see documents attached hereto" is insufficient.  Credigy is directed to supplement its response to this document request by directing plaintiff to the documents it says are responsive to this document request.  Defendant Stewart is directed to formally respond to this document request by producing non-privileged documents and by providing plaintiff with a privilege log for any documents it declines to produce as being privileged.

11.     **Request for Production I:** Provide the *documents* that comprise *your* file for the *debt.* (emphasis in original).

Credigy's **ANSWER:** Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.  It calls for privileged communications.  Without waiving any objection, Defendant provides as follows:

See account notes and other documents attached hereto.

**Request for Production J:** Provide the *documents* that comprise *your* file for the *debt.* (emphasis in original).

Stewart's **ANSWER:** Objection.  This request is vague, ambiguous, overly broad, and unduly burdensome.  It calls for privileged and confidential information, and material covered by the work-product doctrine.

In support of and in opposition to plaintiff's motion to compel in respect to this disputed discovery request, the parties make the same arguments that were made in respect to Interrogatory No. 13 and Request for Production H (Stewart's Request for Production I).

Defendants' objections to this document request are overruled.  In the absence of knowing what documents Credigy attached to its response, Credigy's response "see account notes and other documents attached hereto" is insufficient.  Credigy is directed to supplement its response to this document request by directing plaintiff to the documents it says are responsive to this document

request. Defendant Stewart is directed to formally respond to this document request by producing non-privileged documents and by providing plaintiff with a privilege log for any documents it declines to produce as being privileged.

12. **Interrogatory No. 17 and Request for Production N[3]:** For the time period July 2002 through the present, state and describe *your* policy, procedure, guideline, rule, standard, or protocol for initiating a lawsuit on a debt, and identify:

   a)    the name, alias, job title, and last known address of *your* employees, agents, or servants who make the decision or approve the recommendation to initiate a lawsuit;

   b)    the criteria used in the decision or approval of the recommendation to file a suit (e.g. minimum dollar amount, distance of consumer from *your* office, contingency of claim, debtor's assets, defenses to claim); and

   c)    *any* attorney(s) *you* use to file suits in Kentucky

   Provide *any documents* that state *your policy* for initiating suit or that mention or refer to those *policies* or were created, prepared, or otherwise generated as a result of those *policies*. (emphasis in original).

   Credigy's **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. Moreover, these requests call for privileged and work product information. They are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendant provides as follows:

   Defendant relies upon the advice of its counsel to initiate suit. Kristen Mudd represents defendant.

   Stewart's **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. They call for privileged and confidential information covered by the work-product doctrine. Without waiving any objection, Defendant provides as follows:

---

[3] This same discovery request to Stewart is identified as **Interrogatory No. 15 and Request for Production L**.

Kristen Mudd, Esq., and Jennifer Hulse, Esq., 710 West Main Street, Suite 400, Louisville, KY 40202 (502) 583-4165, are attorneys admitted to practice law in Kentucky.

In support of her motion to compel, plaintiff states that subsequent to their original responses to this interrogatory, defendants, through counsel, stated that they would provide the name(s) of employees or agents who determine when to file suit and also agreed to supplement the list of attorneys used to file suit in Kentucky, but that they had failed to supplement these responses after all. Plaintiff submits that defendants' reliance on the work product privilege as grounds for not producing the requested information is misplaced, as it is doubtful that defendants' counsel created the requested criteria in anticipation of this particular lawsuit. Plaintiff argues at most this interrogatory requests confidential information that should be produced under the terms of the confidentiality order entered herein on September 21, 2005.

In response, defendants counter they have disclosed to plaintiff all of the information to which she is entitled and that this interrogatory goes to the heart of the work product doctrine and attorney/client privilege; therefore, plaintiff's motion to compel should be denied.

Assuming that defendants have no formal "policy and procedure" that they follow in determining when to file suit, the Magistrate Judge concludes that defendants' answer to this interrogatory is sufficient and that the information sought would be protected by the attorney/client privilege, in that defendants file a lawsuit based on the advice and/or recommendation of counsel, clearly a privileged communication. However, if defendants have a formal "policy and procedure" in determining when to file suit, it should be produced to plaintiff. Thus, defendants' objections to this interrogatory are sustained to the extent that there is no formal "policy and procedure" and are overruled if there is a written "policy and procedure" employed for when to file suit.

17

**C.      Disputed discovery responses concerning only defendant Credigy**

**1.      Interrogatory No. 14 and Request for Production J:** With respect to the information and data *you* furnished to the *CRAs* regarding the *debt*, state <u>for each</u> *CRA:*

     a)     the information *you* furnished;

     b)     the date information about the *debt* was furnished by *you*; and

     c)     the manner by which the information was transmitted, *including,* the identification of the computer hardware and software or other medium by which the information was transmitted and its location.

          Provide *any documents* reflecting the information that *you* furnished, *including* the date and manner thereof.  (emphasis in original).

**ANSWER:** Objection.  This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome.  They are not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving any objection, see Plaintiff's credit report, in Plaintiff's possession.

In support of her motion to compel, plaintiff states that subsequent to Credigy's original answer to this interrogatory, its counsel stated that he would inquire of Credigy what specific information it provided to the CRAs about the debt and would provide same to plaintiff, but that plaintiff never received that information. Plaintiff contends that this discovery request seeks specific information to which she is entitled concerning the information Credigy furnished to the CRAs and that this information is relevant to her punitive damages claim.

In response, Credigy argues that since plaintiff has a copy of her credit report, which shows the information furnished by Credigy to the CRAs, she already knows what information Credigy furnished to the CRAs.  Credigy also argues that "the manner by which the information was transmitted" to the CRAs is totally irrelevant; therefore, plaintiff's motion to compel should be denied.

If all of the information Credigy furnished to the CRAs is reported in plaintiff's credit report, Credigy's response is sufficient and need not be supplemented. If that is the case, Credigy's objection to this request is sustained. However, if Credigy furnished other information to the CRAs that does **not** appear in plaintiff's credit report, Credigy's objection is overruled, and Credigy is directed to provide plaintiff with any other information furnished to the CRAs that does not appear in plaintiff's credit report. Furthermore, Credigy's objection to plaintiff's request for the "manner by which the information was transmitted" to the CRAs is sustained. The manner of transmission is irrelevant.

2.    **Interrogatory No. 16 and Request for Production K:** Refer to Exhibit 1, attached hereto, and identify all codes, letters, numerals, and other symbols used in recording Plaintiff's information within *your* Simplect system. Provide a key to the codes used in identifying codes, letters, numerals, initials and other symbols, *including* a list of the names of *persons* identified by initials.

    **ANSWER:** Objection. This interrogatory is vague, ambiguous, overly broad, and unduly burdensome.
    No document exists as a "key."

In support of her motion to compel, plaintiff states that subsequent to Credigy's original answer to this interrogatory, its counsel verbally provided some, but not all, of the requested information. For example, plaintiff states that Credigy did not provide her with the full names of the employees listed on the screenprints. Plaintiff argues that the requested information is relevant as it impacts her ability to understand exactly what Credigy did in this case.

In response, Credigy states that there is no "answer key" to decipher abbreviations used in the account notes and that its counsel has already spent a great deal of time tying to educate plaintiff's counsel on how to interpret the account notes. Credigy argues that since this interrogatory calls for a lengthy narrative explaining the notes, it is not proper and that there is nothing to compel.

19

The Magistrate Judge is unpersuaded that this interrogatory is not proper simply because it requires a lengthy answer. Even though there is no "answer key" as such, plaintiff is entitled to the requested information. Credigy's objection to this interrogatory is overruled, and Credigy is directed to supplement its response thereto by providing plaintiff with information that identifies all codes, letters, numerals, and any other symbols used in recording plaintiff's information in Credigy's Simplect system.

3. **Request for Production L:** Refer to Exhibit 1, attached hereto, and provide a screen print of the information contained within each folder identified by the tab "Tracking," "Legal Monitor," etc.

    **ANSWER:** Objection. This request is vague, ambiguous, overly broad, and unduly burdensome. Moreover, this request calls for privileged and work product information.

In support of her motion to compel, plaintiff states that subsequent to Credigy's original answer to this request, its counsel verbally agreed to provide the non-privileged information contained in the following tabs: "Suits", "Documents", "Info", "Tasks", and "Garnishments." However, plaintiff states that she has yet to receive any of this information and argues that Credigy has not made the required showing of privilege, or even stated what privilege applied, in order to avoid production.

In Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel, Credigy made no reference whatsoever to plaintiff's motion to compel Credigy's supplemental response to this document request.

Credigy's objection to this document request is overruled, and plaintiff's motion to compel is granted. Credigy is directed to provide the non-privileged documents and information responsive to this request. If there any documents to which Credigy declines to produce as privileged, Credigy

20

is directed to provide plaintiff with a privilege log describing the document withheld from production and explaining why it is privileged.

4.    **Interrogatory No. 18 and Request for Production O:** With regard to the *debt*, itemize the amount of each portion of the *debt*, specifying the amount claimed by the original creditor, the rate of interest *you* are applying to calculate the *debt*, and how the interest is calculated. Provide *any documents* that show *your* calculation of the *debt*. (emphasis in original).

      **ANSWER:** See documents attached hereto.

In support of her motion to compel, plaintiff states that Credigy's answer is incomplete because the documents to which Credigy referred do not explain how Credigy calculates interest on the debt, information to which she is clearly entitled.

In response, Credigy states that it has provided the requested information to plaintiff's counsel, *viz.,* the original creditor, the original balance at time of sale, the rate of interest, and the amount of interest calculated, and that there is nothing more to provide.

The Magistrate Judge concludes that Credigy's response to this document is sufficient to fully answer this request. Plaintiff's motion to compel Credigy to supplement its response to this request is denied.

5.    **Interrogatory No. 20:** Explain *your* process of acquiring debts, *including* the price that *you* pay for such accounts. (emphasis in original).

      **ANSWER:** Objection. This interrogatory exceeds the number permitted by the Federal Rules of Civil Procedure. This interrogatory is vague, ambiguous, overly broad, and unduly burdensome. Moreover, this interrogatory calls for confidential and proprietary business information unrelated to this case. It is not reasonably calculated to lead to the discovery of admissible evidence.

In support of her motion to compel, plaintiff states that the requested information is relevant to her claims that Credigy engages in deceptive business practices and racketeering activity;

therefore, she is clearly entitled to same. Plaintiff also points out that Credigy's objection to producing this information on the grounds that it is confidential and proprietary business information is mooted by the confidentiality order previously entered herein.

Credigy declined to answer this interrogatory, in part, asserting that it exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure. For the reasons previously stated herein, the Magistrate Judge is not persuaded by defendants' argument that the subparts of plaintiff's interrogatories should be counted as separate interrogatories. Consequently, the Magistrate Judge concludes that the number of interrogatories plaintiff propounded to Credigy does not exceed the number permitted by Fed.R.Civ.P. 33. Thus, Credigy's objection as to the number of interrogatories being excessive is overruled, and Credigy's objection to this interrogatory on the grounds that it requested confidential business and proprietary information is also overruled, as there is a confidentiality order in place to protect the production of the requested information. Credigy is directed to supplement its answer to this interrogatory by explaining the process of how it acquires debts generally and specifically, by explaining the process it followed in acquiring plaintiff's debt, including the price paid, to whom, when, and under what terms and conditions, if any.

6.    **Interrogatory No. 21 and Request for Production Q:** With respect to your acquisition of the *debt*, state and describe in detail the following:

    a)      when *you* acquired the *debt*;

    b)      the terms and conditions under which *you* acquired the *debt*;

    c)      the amount *you* paid for the *debt* and to whom or what entity.

Provide a copy of *any document* evidencing *your* acquisition of the *debt*. (emphasis in original).

**ANSWER:** Objection. This interrogatory exceeds the number permitted by the Federal Rules of Civil Procedure. These requests are vague, ambiguous, overly broad, and unduly burdensome. Moreover, they call for confidential and proprietary business information unrelated to this case. They are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendant provides as follows:

See documents attached hereto.

In support of her motion to compel, plaintiff states that the requested information is relevant to her claims that Credigy engages in deceptive business practices and racketeering activity; therefore, she is clearly entitled to same. Plaintiff also points out that Credigy's objection to producing this information on the grounds that it is confidential and proprietary business information is mooted by the confidentiality order previously entered herein. Furthermore, plaintiff states that the attached documents do not address all of the issues raised in this request.

Credigy declined to answer this interrogatory, in part, asserting that it exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure. For the reasons previously stated herein, the Magistrate Judge is not persuaded by defendants' argument that the subparts of plaintiff's interrogatories should be counted as separate interrogatories. Consequently, the Magistrate Judge concludes that the number of interrogatories plaintiff propounded to Credigy does not exceed the number permitted by Fed.R.Civ.P. 33. Thus, Credigy's objection as to the number of interrogatories being excessive is overruled, and Credigy's objection to this interrogatory on the grounds that it requested confidential business and proprietary information is also overruled, as there is a confidentiality order in place to protect the production of the requested information. Credigy is directed to supplement its answer to this interrogatory by explaining the process of how it acquires

23

debts generally, and specifically, the process it followed in acquiring plaintiff's debt, including the

price paid, to whom, when, and under what terms and conditions, if any.

7.    **Interrogatory No. 22 and Request for Production R:** State and describe all
      information that *you* received from or provided to First Select or Fleet regarding the
      *debt*. Provide *any documents* provided to or received from First Select or Fleet.
      (emphasis in original).

      **ANSWER:**  Objection.  This interrogatory exceeds the number permitted by the
      Federal Rules of Civil Procedure.  These requests are vague, ambiguous, overly
      broad, and unduly burdensome.  Moreover, they call for confidential and proprietary
      business information unrelated to this case.  They are not reasonably calculated to
      lead to the discovery of admissible evidence.  Without waiving any objection,
      Defendant provides as follows:

      See documents attached hereto.

      In support of her motion to compel, plaintiff states that the "attached documents" to which

Credigy refers do not provide a complete response to this request.  Plaintiff insists that there are other

documents responsive to this request that are in Credigy's possession and control and argues that she

is entitled to this information as it is relevant to the validity of the alleged debt, its possible

connection to her, whether Credigy had a right to collect on the debt, and to file a lawsuit against her

on this alleged debt.

      Credigy declined to answer this interrogatory, in part, asserting that it exceeded the number

of interrogatories permitted by the Federal Rules of Civil Procedure.  For the reasons previously

stated herein, the Magistrate Judge is not persuaded by defendants' argument that the subparts of

plaintiff's interrogatories should be counted as separate interrogatories.  Consequently, the

Magistrate Judge concludes that the number of interrogatories plaintiff propounded to Credigy does

not exceed the number permitted by Fed.R.Civ.P. 33.  Thus, Credigy's objection as to the number

of interrogatories being excessive is overruled, and Credigy's objection to this interrogatory on the

grounds that it requested confidential business and proprietary information is also overruled, as there is a confidentiality order in place to protect the production of the requested information. If the documents provided do not include information received from or provided to First Select or Fleet, Credigy is directed to supplement its answer to this request by providing same to plaintiff.

8.    **Interrogatory No. 23 and Request for Production T:** State and describe the business relationship between *you* and Stewart & Associates, *including* whether *you* are under common ownership or control. Provide *any documents* that reflect, refer to, or evidence this relationship. (emphasis in original).

   **ANSWER:** Objection. This interrogatory exceeds the number permitted by the Federal Rules of Civil Procedure. These requests are vague, ambiguous, overly broad, and unduly burdensome. Moreover, they call for confidential and proprietary business information unrelated to this case. They are not reasonably calculated to lead to the discovery of admissible evidence. Without waiving any objection, Defendant provides as follows:

   None.

   In support of her motion to compel, plaintiff states that this request is clear and specific and seeks information concerning the extent of the relationship between Credigy and Stewart, which plaintiff believes to be relevant to her claims and likely to lead to the discovery of admissible evidence.

   Credigy declined to answer this interrogatory, in part, asserting that it exceeded the number of interrogatories permitted by the Federal Rules of Civil Procedure. For the reasons previously stated herein, the Magistrate Judge is not persuaded by defendants' argument that the subparts of plaintiff's interrogatories should be counted as separate interrogatories. Consequently, the Magistrate Judge concludes that the number of interrogatories plaintiff propounded to Credigy does not exceed the number permitted by Fed.R.Civ.P. 33. Thus, Credigy's objection as to the number of interrogatories being excessive is overruled, and Credigy's objection to this interrogatory on the

25

grounds that it requested confidential business and proprietary information is also overruled, as there is a confidentiality order in place to protect the production of the requested information. For all of these reasons, Crediqy is directed to supplement its answer to this request by disclosing in general terms the nature of the relationship between it and Stewart, if any, and also state whether there is common ownership of Crediqy and Stewart.

**D.      Disputed discovery responses concerning only defendant Stewart**

1.      **Interrogatory No. 16 and Request for Production M:** Describe *your* policy, procedure, guideline, rule, standard, or protocol regarding assuring compliance with debt collection laws. Provide *any documents* that state *your policy* for complying with debt collection laws or that mention or refer to those *policies* or were created, prepared, or otherwise generated as a result of those investigations or *policies*. (emphasis in original).

   **ANSWER:** Objection. This interrogatory (and request) is vague, ambiguous, overly broad, and unduly burdensome. They call for privileged and confidential information, and material covered by the work-product doctrine.

In support of her motion to compel, plaintiff notes that this request seeks information and documents evidencing Stewart's policy and procedures with regard to compliance with debt collection law, information that should be readily available to Stewart. Plaintiff also argues that Stewart failed to articulate how this information is privileged and/or what privilege is applicable thereto.

In response, Stewart states that even though this request is too broad in that it was not limited to any particular topic or area of compliance law, in its initial discovery disclosures to plaintiff, it produced certain written compliance policies which pertain to plaintiff's claim; therefore, the motion to compel should be denied, as the request is overly broad and seeks information that is irrelevant to this case.

26

The Magistrate Judge agrees with defendant Stewart that this request, in its present form, is too broad. Stewart's response to this discovery request is sufficient. However, plaintiff is given leave to refine this request and narrow the scope thereof by being more specific and identifying the particular policies she wants to discover (such as, what policy would cover a given set of circumstances, etc). In the absence of plaintiff making this discovery request more specific, Stewart's objection thereto is sustained, and Stewart is not obligated to supplement its response thereto. However, if plaintiff reformats this request and tailors it to a specific policy for a specific situation, then Stewart is obligated to respond.

2.    **Interrogatory No. 20 and Request for Production Q:** With regard to attorney Kristin J. Mudd, state the following:

   a)    Whether she is employed by or otherwise associated with *you*;

   b)    Whether supervisory authority is exercised over Ms. Mudd's work on *your* behalf, and if so, the name and job title of the *person* who exercises that authority; and,

   c)    What compensation is given to Ms. Mudd for her work on *your* behalf. (emphasis in original).

   **ANSWER:** Objection. This interrogatory exceeds the number permitted by the civil rules. Moreover, this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. They call for privileged and confidential information, and material covered by the work-product doctrine. They are not reasonably calculated to lead to the discovery of admissible evidence.

In support of her motion to compel, plaintiff asserts that the relationship between Stewart and Kristen Mudd is relevant to her claim for abuse of process and the ongoing harm that she continues to suffer. Plaintiff also argues that Stewart failed to articulate how this information is privileged and/or what privilege is applicable thereto.

27

In response, Stewart advises that Kristen Mudd is one of the attorneys of record for Credigy in the underlying state court action and that it is beyond the scope of discovery for plaintiff to discover the details of Credigy's relationship with its trial counsel. Stewart argues that the information requested will not support any claim and that this discovery request is simply meant to oppress, harass and annoy the defendants.

Stewart's objection to this discovery request is sustained. Plaintiff is no more entitled to discover the details of the employment relationship between defendants and their counsel Kristen Mudd than defendants are entitled to discover the details of the employment relationship between plaintiff and her counsel.

3.    **Interrogatory No. 22:** For the time period July 2002 through the present, state the name(s) of the attorney who had direct supervisory authority over *your* non-attorney employees. (emphasis in original).

> **ANSWER:** Objection. This interrogatory exceeds the number permitted by the civil rules. Moreover, this interrogatory is vague, ambiguous, overly broad, and unduly burdensome. It is not reasonably calculated to lead to the discovery of admissible evidence.

In support of her motion to compel, plaintiff argues that the person who supervises non-attorney debt collection personnel has knowledge and insight into Stewart's debt collection practices, information that is relevant to her claims for punitive damages and violations of the FDCPA and KCPA. Plaintiff also argues that if no such person exists, that information is relevant as well.

In responding to plaintiff's motion to compel, Stewart makes no reference to Interrogatory No. 22, presumably because Stewart believes this interrogatory to be in excess of the number of interrogatories permitted by the civil rules.

28

For the reasons previously stated herein, the Magistrate Judge is not persuaded by defendants' argument that the subparts of plaintiff's interrogatories should be counted as separate interrogatories. Consequently, the Magistrate Judge concludes that the number of interrogatories plaintiff propounded to Stewart does not exceed the number permitted by Fed.R.Civ.P. 33. Thus, Stewart's objection as to the number of interrogatories being excessive is overruled. However, Stewart's objection to Interrogatory No. 22 on the grounds that it is too vague and ambiguous in its present form is sustained. Plaintiff is given leave to reformulate and resubmit Interrogatory No. 22 to Stewart. If Stewart objects to Interrogatory No. 22 upon resubmission, the court will determine at that time whether it should be answered.

**4.**     **Request for Production W:** Provide a copy of Jamar McCoy's personnel file.

> **ANSWER:** Objection. This request is unduly burdensome and meant to harass, annoy and oppress. Moreover, it calls for confidential information which cannot be released with[out] express written permission.

In support of her motion to compel, plaintiff notes that subsequent to Stewart's objection to this request, its counsel advised her counsel that this personnel file consisted almost entirely of private and embarrassing medical information. Plaintiff emphasizes that she does not seek Mr. McCoy's private medical information and states that the basis for her request for his personnel file is the fact that his communication directly with plaintiff forms the basis of several factual allegations about Stewart's oppressive, abusive, and harassing debt collection practices. Plaintiff also points out that McCoy is no longer employed by Stewart, which raises probative questions about his employment record with Stewart and why he is no longer employed by Stewart.

In response, Stewart advises that Jamar McCoy's personnel file was withheld to protect the privacy of Mr. McCoy and for no other reason. *See Coleman v. American Red Cross*, 979 F.2d 1135, 1138-39 (6th Cir. 1992).

Stewart's objection to the production of Jamar McCoy's personnel file is sustained in part, to the extent of the production of McCoy's medical information, which is clearly not discoverable, and overruled in part. Stewart is directed to provide the non-medical portion of Jamar McCoy's personnel file to the Magistrate Judge for *in camera* review for a determination as to whether McCoy's personnel file is relevant to this action.

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery from defendants Credigy and Stewart [DE #54] is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Defendants' objections concerning the number of interrogatories submitted to Credigy and to Stewart are **OVERRULED**. Plaintiff's interrogatories do not exceed the number of interrogatories permitted by the Federal Rules of Civil Procedure.

2. As to those disputed discovery requests concerning both Credigy and Stewart:

a. plaintiff's motion to compel is **GRANTED** as to the following discovery requests:

i. Interrogatory No. 9

ii. Interrogatory No. 10 and Request for Production D

iii. Interrogatory No. 11 and Request for Production E

iv. Interrogatory No. 12 and Request for Production F

v. Interrogatory No. 13 and Request for Production G

vi. Request for Production H

vii.  Request for Production I

viii.  Interrogatory No. 17 and Request for Production N (Stewart's Request for Production

No. L), but only if there is a written "policy and procedure" followed for when to file suit.

b.  plaintiff's motion to compel is **DENIED** as to the following discovery requests:

i.  Interrogatory No. 5

ii.  Request for Production A

iii.  Interrogatory No. 7 and Request for Production B

iv.  Interrogatory No. 8 and Request for Production C

3.  As to those disputed discovery requests concerning only Credigy:

a.  plaintiff's motion to compel is **GRANTED** as to the following discovery requests:

i.  Interrogatory No. 14 and Request for Production J (but only if Credigy furnished any

information to the CRAs that does **not** appear in plaintiff's credit report).

ii.  Interrogatory No. 16 and Request for Production K

iii.  Request for Production L

iv.  Interrogatory No. 20

v.  Interrogatory No. 21 and Request for Production Q

vi.  Interrogatory No. 22 and Request for Production R

vii.  Interrogatory No. 23 and Request for Production T

b.  plaintiff's motion to compel is **DENIED** as to Interrogatory No. 18 and Request for

Production O.

4.  As to those disputed discovery requests concerning only Stewart:

a.  plaintiff's motion to compel is **DENIED** as to the following discovery requests:

31

i. Interrogatory No. 16 and Request for Production M

ii. Interrogatory No. 20 and Request for Production Q

iii. Interrogatory No. 22 (but plaintiff is given leave to reformulate this interrogatory and to resubmit it to Stewart)

iv. Request for Production W (but Stewart is directed to submit the non-medical portion of Jamar McCoy's personnel file to the Magistrate Judge for *in camera* review as to relevancy).

5. Defendants are directed to supplement their responses to plaintiffs' discovery requests itemized above wherein plaintiff's motion to compel was granted within twenty (20) days of the date of this Order.

6. Defendant Stewart is given ten (10) days from the date of this Order in which to submit the non-medical portion of Jamar McCoy's personnel file to the Magistrate Judge for *in camera* review as to relevancy.

This __*13*th__ day of April, 2006.

JAMES B. TODD,
UNITED STATES MAGISTRATE JUDGE

32